**VIRGINIA**

### IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | | |
|---|---|---|
| TOMMY VINSON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No   CL2009 - 2733 |
| | ) | |
| EXOSTAR EXCHANGE LLC | ) | |
| t/a EXOSTAR, LLC | ) | |
| Serve: Corporation Service Company | ) | |
| 11 S 12th Street | ) | |
| Richmond, Virginia  23218 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

FILED
CIVIL INTAKE
2009 FEB 25  PM 09
JOHN T. FREY
CLERK CIRCUIT COURT
FAIRFAX, VA

### COMPLAINT

Plaintiff, Tommy Vinson, by counsel, hereby brings this action against the Defendant

Exostar Exchange LLC t/a Exostar, LLC on the grounds and in the amount hereinafter set forth.

### BACKGROUND

1.      Defendant Exostar provides consulting and secure support services for the

aerospace and defense industries.

2.      Plaintiff Tommy Vinson is a former employee of the Defendant Exostar where

he worked primarily in Herndon, Virginia.  This action arises out of Plaintiff's employment

with Exostar.  Plaintiff is presently a resident and domiciled in Canton, Georgia.

3.      On May 10, 2007, Plaintiff started work with Exostar in Herndon, Virginia as a

Senior Integration Engineer. He was an excellent performer and was assigned to work for one

of Defendant's major clients the Boeing Corporation.

4.      In February 2008, Plaintiff was assigned as the lead Integration Engineer on a

high visibility project involving Boeing Corporation (hereinafter "Boeing Project").  Plaintiff

performed a critical role on the Boeing Project.

5.      On May 9, 2008, Plaintiff was offered a job with another company, [Piolax, USA][I would prefer not to disclose this unless necessary, I would prefer to use the placement service IT2], to work in his home town of Atlanta, Georgia.

6.      Within days of receiving the offer, Plaintiff notified his manager, Robert Notto, that he had received the offer from Piolax/IT2 was going to accept the offer and leave Exostar.

7.      In response to Plaintiff's notice to Defendant that he was leaving, Exostar, on May 21, 2008, offered Plaintiff the opportunity to remain in his current position and work remotely as a full-time employee from his home office in Georgia effective June 2, 2008.

8.      Shortly after receiving the offer to work, Plaintiff, rejected the offer from Piolax/IT2 and agreed to remain with Defendant and work remotely.

9.      Plaintiff felt comfortable with the remote work offer because a large number of Exostar employees work remotely and Exostar specializes in tools that allow for secure remote access to all of Exostar's systems. Furthermore Plaintiff's direct supervisor worked remotely.

10.     The Boeing SSPN Project (a high profile e-commerce project) was successfully completed on or about June 30, 2008 a project which the Plaintiff played a key role. Within days of the completion of the Boeing Project, Defendant terminated Plaintiff's employment.

11.     Defendant regularly, continuously and systematically conducts substantial business activity in Virginia.

12.     Defendant Exostar has its principle place of business in Fairfax County, Virginia at 13530 Dulles Technology Drive, Suite 200, Herndon, VA 20171

13.     Defendant has transacted business in the Commonwealth and the claims alleged herein arise from Defendant's transactions in the Commonwealth and is subject to personal jurisdiction in Virginia pursuant to Va. Code § 8.01-328(A) (1).

14.     Venue is proper in this County under Va. Code § 8.01-262(4) and § 8.01-263

in that the causes of action, or part thereof, arose in this County and defendant regularly

conducted and currently conducts substantial business activity herein and the plaintiff's

principal place of business is in this County.

## COUNT I
## (Fraud)

15.     Plaintiff hereby incorporates by reference paragraphs 1-14, as if realleged herein

in their entirety.

16.     On or about May 21, 2008, Robert Notto and Susan A. Holmgren represented to

Plaintiff that Defendant his decision to work remotely would have no impact on his ongoing

employment with the Company.

17.     The representation in paragraph 15 was false when made. At the time, Robert

Notto and Susan A. Holmgren and made the statement and Damian Danowski approved the

decision they did in fact know that the Exostar intended to terminate Plaintiff immediately upon

completion of the Boeing Project.

18.     At the time Defendant made offer to Plaintiff, it did with the fraudulent intent

to deceive him into rejecting the offer from Piolax/IT2 and continuing his employment for only

so long as was necessary to complete the Boeing SSPN Project.  Defendant intentionally and

knowing concealed its intent with the intent to deceive Plaintiff into continuing employment

with Exostar until the Boeing SSPN Project was completed.

19.     Robert Notto and Susan A. Holmgren, made the statement in paragraph 16

knowing that they were all false when made.

20.     Robert Notto and Susan A. Holmgren and Damian Danowski, on behalf of

Exostar, made the false representations in paragraph 16 to Plaintiff and concealed its intention

to terminate Plaintiff upon completing of the Boeing Project intentionally and knowingly, with

the intent to mislead Plaintiff. Robert Notto and Susan A. Holmgren and Damian Danowski, on behalf of Exostar, made the statements in paragraph 15 with the purpose and intent of concealing their fraudulent purpose of inducing Plaintiff to reject the offer from Piolax/IT and Exostar's intent to terminate Plaintiff's employment upon completion of the Boeing Project.

21.     By its false representations and material omissions, Defendant purposely and intentionally mislead and induced Plaintiff reject the offer to work for Piolax/IT.

22.     Plaintiff reasonably relied to its detriment upon said false representations and material omissions of Defendant.

23.     As a direct and proximate cause of Defendant's fraudulent conduct, Plaintiff has suffered injuries and damages including, but not limited to lost income and emotional distress.

24.     Defendant engaged in said fraudulent conduct maliciously, wantonly, oppressively and with such recklessness and gross negligence as evinced a conscious disregard for the rights of Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff moves for judgment, jointly and severely, against the Defendants for the relief set forth below:

A.   Awarding compensatory damages against each Defendant and in favor of the Plaintiff in an amount not less than one hundred fifty thousand dollars ($50,000).

B.   Awarding punitive damages against each Defendant, and in favor of the Plaintiff, in an amount of two hundred thousand dollars ($75,000);

C.   Awarding Plaintiff costs and other disbursements of this suit, including without limitation, reasonable fees for attorneys, accountants and experts; and

F.   Granting Plaintiff such other and further relief as the Court may deem just and proper.

4

Respectfully submitted,

Nicholas Hantzes VSB 23967
1749 Old Meadow Road, Suite 308
McLean, Virginia 22102
(703) 378-5000
(703) 448-4434 (fax)

## JURY DEMAND

Plaintiff hereby demands a jury on all issues and proceedings in which it is entitled to a jury.

Nicholas Hantzes

COMMONWEALTH OF VIRGINIA
### CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Tommy Vinson vs. Exostar Exchange LLC

CL-2009-0002733

**TO:** Exostar Exchange LLC
dba Exostar LLC
Serve: Corporation Service Co
11 S 12th Street
Richmond VA  23218

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby

notified that unless within 21 days after such service, response is made by filing in the

Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and

charges may be taken as admitted and the court may enter an order, judgment or decree

against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on Thursday, February 26, 2009.

JOHN T. FREY, CLERK

By: _Marlene R Politano_

Deputy Clerk

**Plaintiff's Attorney**  Nicholas H. Hantzes

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | | |
|---|---|---|
| **TOMMY VINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No.  CL2009-2733 |
| | ) | |
| | ) | |
| **EXOSTAR EXCHANGE LLC t/a** | ) | |
| **EXOSTAR LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### NOTICE OF REMOVAL

The Clerk is hereby notified that this matter was removed to the United States

District Court for the Eastern District of Virginia, Alexandria Division, on March 11,

2009.  A copy of the Notice of Removal filed in federal court is attached.

RESPECTFULLY SUBMITTED,

Jack L. Gould, Esquire
Counsel for Defendant Exostar Exchange LLC
10615 Judicial Drive, Suite 102
Fairfax, VA 22030
703-273-6007
VSB 17521

### CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2009, I caused a true copy of the
foregoing to be placed in the United States mail, First Class, postage prepaid, to the
following:

Nicholas Hantzes, Esquire
1749 Old Meadow Road, Suite 308
McLean, VA 22102

Jack L. Gould, Esquire